UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
JESUS DESOTO SR., JESUS DESOTO, Jr.,  :
:
               Plaintiffs,  :
:    COMPLAINT
      -against-  :
:
CITY OF NEW YORK, NYPD OFFICER  :
KATHLEEN MAYERS (SHIELD 11438),  :    Jury Trial Demanded
NYPD OFFICER GERARD STAPLES  :
(SHIELD 24526), NYPD OFFICER  :
LAWRENCE THOMAS (SHIELD 23859),  :
NYPD OFFICER PRINCE SMITH (SHIELD :
22705), JOHN/JANE DOE NYPD OFFICERS
1-5.

               Defendants.
------------------------------------------------------x

      This is an action to recover money damages arising out of the violation of Plaintiffs DeSoto Sr. and DeSoto Jr's rights under the First, Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

## JURISDICTION AND VENUE

    1.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

    2.     The Court's jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1343.

    3.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) as Plaintiffs reside in the District and the claim arose in the District.

## JURY DEMAND

    4.     Jesus DeSoto, Sr. and Jesus DeSoto Jr., respectfully demand trial by jury of all issues in the matter pursuant to Federal Rule of Civil Procedure ("FRCP") 38.

## PARTIES

5. Messrs. DeSoto Sr. and DeSoto Jr., are both citizens of the City of New York in New York County in the State of New York.

6. Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant City of New York maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, the City of New York.

8. That at all times hereinafter mentioned, Defendants Smith, Mayers, Staples, Thomas and John/Jane Doe Officers 1-5, individually, were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

9. That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

10. Each and all of the acts of the Individual Defendants alleged herein were committed by said Defendants while acting within the scope of their employment by Defendant City of New York.

## FACTS

11. On or about March 14th, 2015, DeSoto Sr. and DeSoto Jr., were exiting a Latin club located at 112 Dyckman Street in Washington Heights Section of Manhattan where both Plaintiffs had been celebrating Mrs. Sandra DeSoto's birthday.

12. As they were exiting the club, Mr. DeSoto Jr., observed a fight roughly five to ten feet from the club entrance.

13. A few seconds later, Mr. De Soto Jr. witnessed police officers arriving at the scene of the fight.

14. Mr. DeSoto Jr., then observed a police officer approach a member of his family who was already outside the building Junior had just left (hereinafter "third party family member").

15. The Police officer parked the police vehicle in the corner, approached the third party family member and started to pepper spray him and around him indiscriminately. On information and belief, the officer who deployed the pepper spray was one of the Individual Defendants in this action.

16. Individual Defendant unreasonably pepper sprayed Junior and others around the third-party family member. Mr. DeSoto, Jr., engaged in no unlawful activity and was not sufficiently near any unlawful activity for chemical spray to reasonably deploy against him. DeSoto, Jr., protested in pain and discomfort. In sum and substance, Mr. DeSoto, Jr., asked why he and the crowd was being sprayed when they had done nothing to provide police with reason to believe that they had done anything unlawful.

17. On information and belief, one of the Individual Defendants, without asking questions, approached Mr. DeSoto Jr., forcefully grabbed him, then placed him in a choke hold

with his baton. On information and belief, this assault was solely motivated by anger at Junior's protests against being pepper sprayed.

18. As Individual Defendant was choking Mr. DeSoto Jr., another two Individual Defendants aggressively placed him in handcuffs, violently pushed him against the ground and officer kicked him in the head. On information and belief, the officer who handcuffed DeSoto, Jr., was Defendant Officer Lawrence Thomas.

19. Mr. DeSoto Jr. pleaded to the officers to stop because he couldn't breathe and, as his nose was bleeding profusely at that point, an Individual Defendant tried to wipe his face, but the Defendant did so so roughly, the Defendant hurt Mr. DeSoto, Jr. further. The Individual Defendant placed him inside the police car.

20. When Mr. DeSoto Sr. saw Defendants with DeSoto Jr., he asked, in sum and substance, what was happening, whereupon Mr. DeSoto, Jr.'s experience repeated as to Mr. DeSoto, Sr., with one of the Defendants lunging forward and grabbing Mr. DeSoto Sr.

21. Upon information and belief, two bystanders who were also exiting the club, were taken into custody that night after questioning Individual Defendants regarding the commotion and subsequent use of pepper spray and force upon Plaintiffs.

22. Hearing Mr. DeSoto, Sr.'s questions, several Individual Defendants then set upon Mr. DeSoto Sr., who received received several punches, including one in his face.

23. Defendant Staples punched Mr. De Soto Sr. with such force, that Mr. De Soto's front dentures were knocked out.

24. Defendants arrested Mr. DeSoto, Sr., as well, without any probable cause to believe that he had committed any criminal offense.

25. Mr. DeSoto Sr. repeatedly asked Defendant Smith the justification for the arrest, but received no answers.   Later, Defendant Officer Smith falsely stated that Defendants arrested Senior because he hit an officer. This was not true.  Mr. DeSoto Sr., asked a question about a family member on the ground, he did not hit a police officer.

26. Defendants used excessive force against Messrs. DeSoto Sr. and DeSoto Jr., causing them physical injury.

27. Mr. DeSoto Jr. endured so many punches to the head, that he later developed a large bump in the back of his ear, causing him to temporarily lose his hearing.

28. As Messrs. DeSoto, Sr., and DeSoto, Jr., committed no offense, any and all force used against them, from the initial chemical attack to the punches constitute excessive force in violation of their constitutional rights.

29. Individual Defendants arrested Messrs. DeSoto, Sr. and DeSoto Jr. and then made false allegations against them in an effort to justify the excessive force used against them. Defendants made false statements to the District Attorney's Office regarding Plaintiffs' actions on the night of the incident, and Plaintiffs were as a result charged with Assault in the Second Degree, Obstructing Governmental Administration in the Second Degree and Resisting Arrest.

30. On or about September 28, 2015, a state court judge dismissed all charges against Senior and Junior on the D.A.'s motion in a termination favorable to Plaintiffs.  The case was never presented to a grand jury.

31. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising of its employees, and due to a custom, policy and/or practice of, <u>inter alia</u>, treating persons with excessive force without justification

and/or manufacturing false evidence against individuals in an individual effort and also in a conspiracy to justify their abuse of authority in using excessive force against those individuals.

32. The aforesaid incident is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts. As a result, Defendant City of New York is aware (from said lawsuits as well as notices of claims, complaints filed with the NYPD's Internal Affairs Bureau and the CCRB, and anecdotal evidence) that many NYPD officers, including Defendant here, use unjustified excessive force on arrestees and fabricate evidence in order to explain it away.

33. Defendant City of New York is thus aware that its improper training and customs and policies have often resulted in a deprivation of individuals' constitutional rights. Despite such notice, Defendant City of New York has failed to take corrective action. This failure caused Individual Defendants in this case to violate Plaintiffs' constitutional rights.

34. Moreover, on information and belief, Defendant City of New York was aware, prior to the incident, that the Individual Defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers. Despite such notice, Defendant City of New York has retained these officers, and failed to adequately train and supervise them.

35. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

36. All of the aforementioned acts deprived Plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth and

Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned Individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and the rules of the Defendant City of New York and the NYPD, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

40. As a result of the foregoing, Messrs. DeSoto Sr. and DeSoto Jr are entitled to compensatory and punitive damages in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## FIRST CLAIM
## 42 U.S.C. § 1983

41. Messrs. DeSoto Sr. and DeSoto Jr. repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

42. Defendants, by their conduct toward Messrs. DeSoto Sr. and DeSoto Jr. alleged herein, violated their rights guaranteed by 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

43. Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly with malice and with the specific intent to deprive Messrs. DeSoto Sr. and DeSoto Jr. of their constitutional rights.

44. Defendants, under color of state law, unlawfully seized and arrested Plaintiffs.

45. Defendants did not have probable cause to arrest Plaintiffs, nor was it objectively reasonable for Defendants to believe that they did have probable cause to arrest Plaintiffs.

46. Defendants' decision to arrest Plaintiffs was based upon Plaintiffs' First Amendment-protected expression, and not upon Plaintiffs' violation of any provision of the law.

47. By their conduct and actions and/or omissions in depriving Plaintiffs of their freedoms to be let alone, to move freely, to assemble, to associate, and to enjoy their property, in seizing them, in falsely arresting them, in assaulting and battering them, in maliciously abusing process against them, in retaliating against them for the exercise of constitutionally protected rights, in inflicting emotional distress upon them, in violating their rights to due process and equal protection, and/or for failing to remedy the aforementioned violations after having witnessed them or having been informed of them by report or appeal, and/or by failing properly to train, supervise, or discipline employees of the Defendant City of New York under their supervision, Defendants, acting under color of law and without lawful justification, intentionally, maliciously, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, deprived plaintiffs of the equal protection of the laws and/or of equal privileges and immunities under the laws, and thereby caused injury and damage in violation of Plaintiffs' constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, Fifth, Sixth, and Fourteenth Amendments.

48. By the conduct described above, Defendants, under color of state law, subjected Plaintiffs to the foregoing acts and omissions without due process of law and in violation of the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, through 42 U.S.C. §1983, thereby depriving Plaintiffs of their rights, privileges and immunities, including, without limitation, deprivation of the following constitutional rights:

    a. Freedom to engage in protected speech, expression and association, without undue constraint or governmental retaliation;

    b. Freedom from unreasonable seizures of their persons, including but not limited to the excessive use of force;

    c. Freedom from arrest without probable cause;

    d. Freedom from false imprisonment, meaning wrongful detention without good faith, reasonable suspicion or legal justification, and of which Plaintiffs were aware and did not consent;

    e. Freedom from deprivation of liberty and property without due process of law;

    f. The enjoyment of equal protection, privileges and immunities under the laws.

49. As a result of the foregoing, Plaintiffs were deprived of their liberty, suffered bodily injury, pain and suffering, psychological and emotional injury, costs and expenses, and were otherwise damaged and injured

**SECOND CLAIM**
**FIRST AMENDMENT RETALIATION**

50. Mr. DeSoto Sr. and DeSoto Jr. repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

51. Defendants violated the First and Fourteen Amendments of the Constitution by

arresting and prosecuting De Soto Sr. and De Soto Jr with a retaliatory motive because Plaintiffs questioned Individual Plaintiffs.

52. Defendants' unlawful actions, which were committed under the color of state law, were done willfully, knowingly, with malice and with the specific intent to cause Plaintiffs concrete injuries, which the Plaintiffs did in fact suffer.

53. Defendants' unlawful actions also sought to chill their and the public's willingness to engage in protected activity going forward.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs sustained damages hereinbefore alleged.

## THIRD CLAIM
## EXCESSIVE FORCE

55. Mr. DeSoto Sr. and DeSoto Jr. repeat and re-allege each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

56. The level of force employed by Defendants was excessive, objectively unreasonable and otherwise in violation of Messrs. DeSoto and DeSoto Jr.'s Fourth Amendment and Fourteenth Amendment rights.

57. As a direct and proximate result of Defendants' unlawful conduct, Messrs. DeSoto Sr. and DeSoto Jr. were subjected to excessive force and sustained the injuries hereinbefore alleged.

## FOURTH CLAIM
## FALSE ARREST

58. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. As a result of Defendants' conduct as described above, Plaintiffs were subjected to illegal, improper, and false arrest by Defendants and taken into custody and caused to be

falsely imprisoned, detained, and confined, without any probable cause, privilege, or consent.

60. As a result of the foregoing, Plaintiffs were deprived of their liberty and property and First Amendment rights, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and were otherwise damaged and injured.

### FIFTH CLAIM
### SELECTIVE ENFORCEMENT

61. Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

62. Defendants' use of the New York State disorderly conduct statute against Plaintiffs, but not others similarly situated, was invidiously discriminatory, malicious, purposeful, and/or arbitrary and capricious.

63. Defendants' selective enforcement of the New York State disorderly conduct statute against Plaintiffs violated Plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

64. As a result of the foregoing, Plaintiffs were deprived of their liberty and property and First Amendment rights, suffered bodily injury, pain and suffering, psychological and emotional injury, humiliation, costs and expenses, and were otherwise damaged and injured.

### SIXTH CLAIM
### FAILURE TO INTERVENE

65. Messrs. DeSoto Sr. and DeSoto Jr's repeat and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

66. The Individual Defendants actively participated in the aforementioned unlawful conduct and observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

67. Accordingly, the Individual Defendants who failed to intervene violated the Fourth and Fourteenth Amendments of the United States Constitution.

68. Individual Defendants' unlawful actions, which were committed under color of state law, were done willfully, knowingly, with malice and with the specific intent to deprive Messrs. DeSoto and DeSoto Jr. of his constitutional rights.

69. As a direct and proximate result of Defendants' unlawful conduct, Messrs. DeSoto Sr. and DeSoto Jr. sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
## MONELL

70. Messrs. DeSoto Sr. and DeSoto Jr's repeats and re-alleges each of the preceding allegations contained in this Complaint with the same force and effect as if fully set forth herein.

71. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the United States Constitution.

72. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City of New York and the NYPD included, but were not limited to, the inadequate screening, hiring, retaining, training and supervising of its employees that was the moving force behind the violation of Messrs. DeSoto and DeSoto Jr's rights as described herein. As a result of the failure of the Defendant City of New York to properly recruit, screen, train, discipline and supervise its officers, including the Individual Defendants, Defendant City of New York has tacitly authorized, ratified and has been deliberately indifferent to, the acts and conduct complained of herein.

73. The aforementioned customs, policies, usages, practices, procedures and rules of

12

Defendant City of New York and the NYPD included, but were not limited to, the use of unjustified force in making arrests and/or the manufacture of false evidence against individuals in an individual effort and also in a conspiracy to justify the police's abuse of authority.

74. The foregoing customs, policies, usages, practices, procedures and rules of the Defendant City of New York and the NYPD constituted deliberate indifference to Messrs. DeSoto and DeSoto Jr's safety, well-being and constitutional rights.

75. The foregoing customs, polices, usages, practices, procedures and rules of Defendant City of New York and the NYPD were the direct and proximate cause of the constitutional violations suffered by Messrs. DeSoto Sr. and DeSoto Jr's as described herein.

PRAYER FOR RELIEF WHEREFORE, Messrs. DeSoto and DeSoto Jr's respectfully requests the following relief:

    A. An order entering judgment for Messrs. DeSoto Sr. and DeSoto Jr. against Defendants on each of their claims for relief;

    B. Awards to Messrs. DeSoto Sr. and DeSoto Jr's for compensatory damages against all Defendants, jointly and severally, for their violation of Messrs. DeSoto Sr. and DeSoto Jr's Fourth and Fourteenth Amendment rights, the amount to be determined at jury trial, which Messrs. DeSoto and DeSoto Jr's respectfully demand pursuant to FRCP 38;

    C. Awards to Messrs. DeSoto Sr. and DeSoto Jr. of punitive damages against Defendants on the basis of their conscious wrongdoing and callous indifference to Messrs. DeSoto Sr. and DeSoto Jr's constitutional rights and welfare, the amount to be determined at jury trial, which Messrs. DeSoto Sr. and DeSoto Jr's respectfully demands pursuant to FRCP 38;

D. Awards to Messrs. DeSoto Sr/ and DeSoto Jr of the costs of this action, including reasonable attorneys' fees;

E. Such further relief as this Court deems just and proper.

DATED:   August 25, 2016
         New York, New York

                                                          /s_____
Lina Franco, Esq. [LF1102]
42 Broadway, 12th Floor
New York, NY 10004
www.LinaFrancoLawPC.com
1800-933-5620
Attorney for Plaintiff