

August 22, 2017


**Re:     Desoto, et al., v. City of N.Y., et al.,**

Dear Judge Buchwald:

I am Plaintiffs' counsel in the above-captioned Section 1983 case.  I write with respect to the pending motion to compel Defendants to produce IAB and CCRB records.  Docket No. 32.

As the Court knows, I have requested that Defendants produce files corresponding to misconduct allegations that are relevant to Plaintiffs' allegations in this case.  For example, two Defendants in particular have numerous allegations of excessive force in a very short period that is close in time to the incident at issue here.  Id. at 3 (noting one Defendant confronted eleven force allegations from 2013 to 2015 alone); id. (noting that another Defendant has roughly ten allegations relating to force and prisoner injury during the same span of years).

As the Court also knows, part of Plaintiffs' struggle here relates to the fact that Defendants have produced indices that list misconduct allegations but do not merge the ultimate investigative conclusions.  Instead, there are vague phrases on the indices that mean something to individuals working for the City, but which are meaningless to the eyes of a layperson.

The meaning of these phrases has been unclear to the Court as well.  For example, on August 2, 2017, Your Honor asked Defendants to clarify the term "Closed as Pending" in an IAB index.  Docket No. 34.  On August 10, 2017, Defendants responded that "Closed as Pending" means "that IAB found *no* misconduct."  Docket No. 36.

I write because this week, I have been reviewing documents in a different Section 1983 litigation pending in the Eastern District of New York.  In discovery from that case, a misconduct allegation on an officer's IAB index was marked "Closed as Pending."  I then flipped to the corresponding file, which shows that allegations of the charge against the officer were ultimately substantiated, and a command discipline



issued.  I located another entry on the IAB index marked "Closed as Pending," flipped to the corresponding file, and the allegation of misconduct had been substantiated and gave rise to a disciplinary instruction there as well.  I also found a third example of this.

Indeed, even without definitively learning that a "Closed as Pending" matter can result in further investigation, substantiated findings and discipline, Ms. Booth's letter suggested that this was true.  It did not entirely make sense to me that an IAB finding of "*no* misconduct," Docket No. 36 (emphasis in original), is then sent to an officer's command for potential discipline.  Employers typically don't discipline their employees when they have done nothing wrong.   For the purposes of this letter, I simply think that Ms. Booth's August 10, 2017, letter does not fully explain the significance of "Closed as Pending" because other proceedings follow.

This brings me back to the question of the indices' merger problem and how that hampers the Court's, and my, ability to properly approach this aspect of discovery.  That is because my review of the discovery in the other case impliedly suggests that an IAB "Closed as Pending" designation is not regularly merged with eventual findings and discipline in the case.  Those three examples I wrote about—the IAB index had been produced with the "Closed as Pending" labels in August 2016, but the substantiated findings and discipline had issued in September 2015, November 2015, and July 2016.  Thus, the eventual resolution of the "pending" matter does not automatically populate the corresponding line on the IAB index, and it's not clear whether it ever does.  Perhaps obviously, my point is the same as it was when I first raised this issue, which is that the IAB index is not a helpful tool.

Next, on August 14, 2017, the Court asked Defendants to provide information about the meaning of the "Info & Intelligence" designation on the IAB indices.  Docket No. 38.  On August 16, 2017, Ms. Booth responded that "Info. and Intelligence" means "that IAB received information that contained *no* allegations of police misconduct or corruption."  Docket No. 39 (emphasis in original).

This is also incomplete.  To begin, I note that the "CC" in the "Info. and Intelligence" rows stands for "Civilian Complaint."  Thus, by definition, these "Info. and Intelligence" cases originate from an allegation of police misconduct from someone.  They don't come to IAB's attention out of thin air.  The City's own publications regarding IAB's work confirms this, stating that:

> When an investigation is concluded, IAB will make the determination that the allegation is either: (1) "substantiated" (supported by sufficient credible



        evidence); (2) "partially substantiated" (parts of the allegation were supported by sufficient credible evidence; (3) "unsubstantiated" (not supported by sufficient credible evidence); (4) "unfounded" (the act which is the basis of the complaint never occurred) or (5) "exonerated" (the act which is the basis of a complaint occurred but the act was proper).  The case may also be closed with a disposition of "for information and intelligence only" (when there is insufficient evidence to conclude a case was substantiated or unsubstantiated) but the case is retained for future reference.  A record is kept of this disposition for investigators to refer back to if a <u>subsequent allegation</u> is lodged against the same subject officer.

<u>Exh. 1</u> (copy of City report about IAB at http://www.nyc.gov/html/ccpc/assets/downloads/pdf/iab_investigative_review_unit.pdf (last accessed Aug. 22, 2017) (emphasis added). This plainly states that <u>after an IAB investigation into an allegation against an officer</u>, the agency may enter an "Info. and Intelligence" disposition, and it also strongly implies that the usefulness of such a designation is that interested parties may, in the future, discern a pattern of similar misconduct from an officer's "Info. and Intelligence" cases.

       This is precisely why the "Info. and Intelligence" files are of interest to me here. I am asking that the Court grant me access to them.  IAB itself has acknowledged my relevance argument, which is that the files may lead to admissible evidence bearing on Individual Defendants' intent or absence of mistake when they injured my clients.  <u>See</u> FRE 404(b).  Relatedly, the files are relevant to my clients' <u>Monell</u> claims.

       In some respects, the "Info. and Intelligence" files are uniquely relevant because at least one scenario requiring the disposition is when "neither a subject officer nor complainant was identified."  <u>Exh. 1</u> at 11.  Here, because the subject officers have been identified—they are Defendants—that suggests that the injured parties were never identified.  It thus stands to reason that a disinterested third party may have perceived some misconduct and leveled the allegation against Defendants in these cases, which tends to reflect positively upon the credibility of their statements to IAB investigators.

       In closing, I note the following about the "Info. and Intelligence" entries for the Defendants.  Plaintiffs allege that Defendants used excessive force upon them in March



2015.  In the ensuing five months, IAB received three allegations against one of the Defendants regarding injury to a prisoner while in his custody that IAB ultimately labeled "Info. and Intelligence."  For one of those incidents, the other Defendant with a critical mass of force allegations was also investigated, and IAB labeled the matter "Info. and Intelligence" on his index as well.

     Thank you for your attention.

                                             Sincerely,
                                            Lina M. Franco

42 Broadway, 12th Floor, New York, NY 10004
P: 800-933-5620    www.LinaFrancoLaw.com