

<table>
<tr><td>ZACHARY W. CARTER<br>*Corporation Counsel*</td><td>THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007</td><td>AMATULLAH K. BOOTH<br>*Senior Counsel*<br>Tel.: (212) 356-3534<br>Fax: (212) 356-3509<br>abooth@law.nyc.gov</td></tr>
</table>

August 31, 2017

**VIA ECF**
Honorable Naomi R. Buchwald
United States District Judge
Southern District of New York
500 Pearl Street, Room 21A
New York, New York 10007

      Re: <u>DeSoto, Jesus, et. al. v. The City of New York, et al.</u>,
         16 CV 6829 (NRB)

Your Honor:

  I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, representing Defendants in the above-referenced matter. Defendants submit this letter in response to Plaintiffs' August 22, 2017 letter, under docket entry number 40.

  Plaintiffs' Counsel submitted a second letter, essentially seeking to re-litigate every issue raised in her initial motion by challenging Defendants' responses to the Court's inquiries. Nothing Plaintiffs have referenced however, conflict with, or distinguishes Defendants' prior communications with the Court. Defendants explained that in some situations IAB will close a case, finding no misconduct, and transfer the case to the command level for their assessment and review. The command could take action, or could decide that administrative warnings are necessary, or perhaps a command level discipline may be warranted for failure to fully fill-out a memobook or some other documentation. It bears repeating that no matter what action the command takes, if any, IAB has closed the case with a finding of no misconduct. The same is true with respect to a case that is closed and marked as "information and intelligence." The case is closed due to an IAB finding of no misconduct. Plaintiffs' letter fails to *specifically* mention *any* complaint *related* to the allegations in this matter, and appears to be nothing more than a fishing expedition.

  Moreover, in their letter, Plaintiffs refer to confidential IAB records from an unrelated action in EDNY that is likely in violation of this office's standard protective order. <u>See</u> Local Rule 83.10 (formerly "The Plan"), stating that "A Receiving Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation and settlement of claims or defenses in the Action."

1

Defendants respectfully request that this Court deny Plaintiffs' motion in its entirety and thank the Court for its consideration into this matter.

                                                                   Respectfully submitted,

                                                                                       /s/

                                                                                _____
                                                                                AMATULLAH K. BOOTH
                                                                               Senior Counsel

**To:**    **VIA ECF**
        LINA M. FRANCO, ESQ.
        *Counsel for Plaintiffs*